O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WHELAN,<br><br>            Petitioner,<br><br>   vs.<br><br><br>KELLY HARRINGTON, Warden,<br><br>            Respondents. | CASE NO. CV 10-06599 SVW (RZ)<br><br>ORDER –<br>(1) SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE; and<br>(2) DENYING STAY-AND-ABEY MOTION WITHOUT PREJUDICE |

      The Court will dismiss this habeas action summarily because Petitioner expressly states that he currently has at least one pending challenge to his conviction or sentence. The Court also will deny the attendant motion to stay and abey this action without prejudice.

# I.

# INTRODUCTION

Generally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Here, the petition is unexhausted, as explained below, in that Petitioner already has a pending state-court challenge to the conviction that is targeted here.

# II.

# APPLICABLE EXHAUSTION LAW

**A.    The General Rule Requiring Pre-Filing Exhaustion Of Claims**

As a matter of comity between state and federal courts, a federal court should not address the merits of a habeas corpus petition unless the petitioner first has sought state judicial review of every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Indeed, Congress has instructed that a habeas petition brought by a person in state custody cannot be *granted* "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Under some circumstances, an unexhausted petition may be *denied* on the

merits. 28 U.S.C. § 2254(b)(2). However, in the usual case, the most appropriate course of action for a district court presented with an unexhausted petition is to dismiss the petition without prejudice. *Hoxsie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir. 1997).

**B.    The *Sherwood* Doctrine Barring Parallel Proceedings**

If a petitioner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972) (rejecting federal habeas relief where petitioner's state-court challenge to his conviction was still pending) ("We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously . . . ."). A would-be federal habeas petitioner generally must await the outcome of any pending state-court challenges to his state conviction before proceeding in federal court, even if the issue he plans to raise in federal court has been finally settled in state court, and hence seemingly exhausted. *See Sherwood*, 716 F.2d at 634. Even if the pending state proceedings cannot resolve a federal constitutional issue raised in the federal petition, those state proceedings nevertheless may result in a reversal of the conviction for some other reason, thereby rendering the federal petition moot. *Id.* (citations omitted).

A petitioner may not complete the exhaustion process in state court after filing a then-unexhausted federal petition, because  –

> [t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for hearing in the district court or court of appeals. Whether [Petitioner] currently has any state remedies available to him may be raised when and if [Petitioner] files another habeas petition in the district court.

*Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citations omitted) (*quoting Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (*per curiam*)); *accord*, *Domaingue v. Butterworth*, 641 F.2d 8, 14 (1st Cir. 1981) (declining to take judicial notice of state court decision allegedly establishing exhaustion, rendered after filing of federal habeas petition that was unexhausted at time of filing).

## III.
## DISCUSSION

Petitioner admits that he has a pending California Supreme Court habeas challenge to his conviction. Pet. ¶ 6(c)(5) ("Still pending"), (6) ("No decision to date."). The *Sherwood* doctrine requires the petition's dismissal.

///

///

Accordingly, the Petition is DISMISSED WITHOUT PREJUDICE. The stay and abey motion presented along with the petition likewise is DENIED WITHOUT PREJUDICE.

DATED: 10/26/10

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented By:

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE